FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 DEC 29  PM 3: 18

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

NICOLE M. SMITH,                          *

Plaintiff                                 *

v.                                        *       Civil Action No. ELH-15-3807

NATIONSTAR MORTGAGE, LLC, et al.,         *

Defendants                                *
                                        ***

**MEMORANDUM**

Nicole Smith, plaintiff, filed suit on December 14, 2015, together with the full filing fee. ECF 1. Plaintiff, who is self-represented, has sued a host of defendants: Nationstar Mortgage, LLC; Federal Home Loan Mortgage Corporation; Rosenberg & Associates, LLC; Diane S. Rosenberg; Mark D. Meyer; John A. Ansell, III; Azer Akhtar; Stephanie R. Montgomery; Kenneth R. Savits; Judge Thomas F. Stansfield; the Circuit Court for Carroll County; Judge Nancy V. Alquist; and John and Jane Does 1-100. *Id.*[1] In her 27-page Complaint, plaintiff describes herself as a "Free White Woman" (*id.* at 2), and asserts that her Complaint sounds in admiralty. *See, e.g.*, ECF 1, ¶¶ 4, 5, 6, 7, 8. She invokes the Founding Fathers to support her contention that this court has subject matter jurisdiction over the Complaint.

A foreclosure proceeding is currently pending in the Circuit Court for Carroll County, involving plaintiff's property. *See Rosenberg, et al., v. Smith, et al.*, Circuit Court for Carroll County, Maryland, Case Number 06C13064836.[2] As best I can determine, the gravamen of the

---

[1]    In the body of the Complaint, plaintiff also seems to include James T. DeWees as a defendant. *See, e.g.* ECF 1 at 2–3.

[2]    *See* http://casesearch.courts.state.md.us/inquiry. Plaintiff previously filed suit in this court seeking to have the court intervene in her State foreclosure proceedings. *See* Civil Action No. JFM-15-3087 (D. Md. 2015). The case was dismissed.

Complaint in this case concerns the foreclosure proceedings pending in a Maryland court; plaintiff alleges that the foreclosure action was improperly initiated and pursued by the named defendants. ECF 1. Plaintiff asserts that defendants "have been making false claims and recording counterfeited securities in a public repository and this counterclaim and notice lis pendens are now in the 'original exclusive cognizance'" of the federal court. ECF 1, ¶ 1.

Plaintiff defines the State of Maryland as "the fiction, foreign, private, for profit business corporation masquerading" as a "de facto provider of government services" and claims that the Circuit Court for Carroll County is "masquerading as a provider of judicial services." *Id.* ¶ 3. She also asserts that other defendants, including Carroll County Circuit Court Judge Thomas F. Stansfield and United States Bankruptcy Judge Nancy V. Alquist, are "unregistered agents of a . . . 'foreign state.'" *Id.* ¶ 10. And, plaintiff makes numerous references to the International Monetary Fund. *See, e.g.*, ECF 1, ¶ 11. She also includes allegations about INTERPOL (*see, e.g.*, ECF 1, ¶ 17), and asserts that Stansfield, Alquist, and others are INTERPOL agents. *Id.* ¶ 18.

In paragraphs 21 and 23 through 27 of the Complaint, plaintiff asserts:

21. The district court for the District of Maryland at Baltimore has acquired exclusive original cognizance of this counterclaim for the United States because this is a federal question - a Constitutional matter involving a Free White Woman on the land complaining about threatened theft and seizure of private property contrary to due process of law-Title 18 U.S.C. §§ 661 and 1201 respectively and irregular extradition from the asylum state into the United States custody, treason - Constitution, Article III §3 and Title 18 U.S.C. § 2381 by Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee and its attorneys and unidentified subordinates, agents of a foreign principal, creating diversity of citizenship - Title 28 U.S.C. §§ 1331 and 1333 respectively. The presentments, **Case # 06C13064836; NOTICE OF SALE; REPORT OF SALE; NOTICE**

---

Case JFM-15-3087 involved some of the parties named as defendants in this case. For example, ECF 1-2 in that case reflects that Ms. Smith was involved in a bankruptcy matter assigned to Judge Alquist.

**OF RATIFICATION OF SALE; FINAL ORDER OF RATIFICATION OF SALE; ORDER AWARDING POSSESION OF PROPERTY**, are arbitrary and capricious grounded in fraudulent statements of unidentified subordinates foreign agents clearly serving as the sole authority for the actions by way of inland seizure of the inherent right to property of Nicole Marie Smith. Speaking historically, the districts, formed in 1790 for handling the financial obligations of the United States could not come into existence until after formal expression of remedy in the 'saving to suitors' clause (1789) quoted above and codified at Title 28 U.S.C. §1333. The law is paraphrased in the Internal Revenue Code:

> "Form. The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. Such notice **shall be valid notwithstanding any other provision of law** regarding the form or content of a notice of lien." Title 26 U.S.C. §6323(F)(3). *emphasis added* [by plaintiff.]

* * *

23. **Law of the flag**: Man is created in the image of Nature's God and to reduce a man to chattel against the national debt is an affront to Nature's God and The Laws of Nature. >See: Declaration of Independence.

///

## Cause of action

24. Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee and its attorneys, foreign agents with malice aforethought and willful misconduct failed to comply with the mandate of FRCP Rule 4 and further failed to comply with the Supplemental Rules for certain Admiralty and Maritime Claims Rule E(5)(b) regarding the posting of a bond for double the value of the claim vessel. Such attempt to acquire a judgment against a Man or Woman on the land violates the national law required by the *Saving to Suitors* clause of the First Judiciary Act.

25. Further, the presentments **Case, # 06C13064836; NOTICE OF SALE; REPORT OF SALE; NOTICE OF RATIFICATION OF SALE; FINAL ORDER OF RATIFICATION OF SALE; ORDER AWARDING POSSESION OF PROPERTY**, are arbitrary and capricious grounded in fraudulent statements of Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee and its attorneys. Further, Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee's attorney knew or should have known that said attorney who initiated **Case # 06C13064836**, with malice aforethought, failed to tender the requisite filing fees in a medium of exchange consistent with the federal injunction and requirement of Article One, Section Ten of the Constitution of the United States as it pertains to tender of obligation in payment of debt to invoke the subject matter jurisdiction of a state tribunal.

3

Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee's attorney each failed in their purported sworn duty as alleged "officers of the court or state" to uphold and defend The Constitutions, a failure of which constitutes treason to The Constitutions - See **Cohen v. Virginia**, 6 Wheat 264, 6 L.Ed. 257.

26. Further violation by Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee and its attorneys of the FRCP Rule 4, Article I Section 10 of the Constitution of the United States establishes a pattern, policy and practice. Thus each subsequent action of Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee and its attorneys as foreign agents only aid and abet the prior high crimes and misdemeanors of said attorneys for the Fiction Libelees which are predicate acts of RI.C.O. Thus the entire proceedings under the commercial vessel/account, **Case # 06C13064836; NOTICE OF SALE; REPORT OF SALE; NOTICE OF RATIFICATION OF SALE; FINAL ORDER OF RATIFICATION OF SALE; ORDER AWARDING POSSESION OF PROPERTY,** are immoral and criminal, clearly serving as the sole authority for the actions by way of inland seizure of the inherent right to property of Nicole Marie Smith, a State Citizen of the body politic the State of Maryland.

27. Thus Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee and its attorneys through said **Case # 06C13064836; NOTICE OF SALE; REPORT OF SALE; NOTICE OF RATIFICATION OF SALE; FINAL ORDER OF RATIFICATION OF SALE; ORDER AWARDING POSSESION OF PROPERTY,** have each damaged Nicole Marie Smith, through theft of private his property and rights to said property, estate, trust, his good name, and his ability to transfer, sale and freely use same, therefore, this has caused Nicole Marie Smith to be put into the position of involuntary servitude, possible homelessness, and peonage against her will and the laws of the United States of America, of Maryland and the Law of Nations by Thomas Stansfield, Nancy V. Alquist, James T. DeWees and each Fiction Libelee and its attorneys.

In paragraph 36 of the Complaint, plaintiff states:

36. The recourse sought is immediate exclusive original cognizance of the United States through the district court and **abatement of any and all claims and return of all property erroneously seized under Case # 06C13064836 from the beginning and removal of any FRCP - Rule 4 violation Notice of Liens, Claims and Notices of Sale, Order for Possession, and other fraudulent documents recorded in the public repository of Carroll County.** This case is repository for evidence for injunctive relief from any future presentments and theft or seizure actions from *any* foreign agents or principals. Though the theft/seizure could be justified by notice and sophistry under the color of law of municipal structure, the proceedings have obviously been under the pretended authority of unconscionable contract and the recourse demanded is proper. There

4

is no excuse for the arbitrary and capricious attorney actions – inland seizure of property - that have confronted good men and women since the Banker's Holiday. Roosevelt implemented a "voluntary compliance" national debt, upon the States by Governor's Convention, but utilized the 1917 *Trading with the Enemy Act* to compel citizens of the United States to comply. The substitution of *American Citizens* for the German nationals on this land was against **Stoehr v. Wallace**, 255 U.S. 239 (1921) where the Court clearly expresses *"The Trading with the Enemy Act, originally and as amended,* is *strictly a war measure..."* – directly citing the Constitution Article I, §8, clause 11. The war on the Great Depression (1) does not count and (2) would only last the duration of the emergency if it did . . . .

Because of the pendency of a related case in another forum, this Court cannot accept jurisdiction over the claims raised in the Complaint. To the extent plaintiff seeks to enjoin the State court proceedings or seeks declaratory relief regarding rights to the property at issue, this court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where the Anti-Injunction Act bars injunctive relief, issuance of a declaratory judgment that would have the same effect as an injunction is also unavailable. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction). Additionally, where equitable relief is sought regarding property that is already the subject of an ongoing in rem action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).

In addition, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief,* 2008 WL 4166328 (W.D.N.C 2008). To the extent plaintiff believes the claims asserted

constitute a viable defense to the foreclosure action, they may be raised in the context of the State case.

Additionally, plaintiff's claims against Judges Stansfield and Alquist may not proceed. The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)). Moreover, the law is well settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

6

Plaintiff's suit is the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached in the State court and in the bankruptcy court, Smith has turned to this forum to assert allegations of unconstitutional acts against the state court judge and the bankruptcy court judge. Because immunity precludes plaintiff's recovery, sua sponte dismissal of plaintiff's claims against the judges is appropriate.

Alternatively, the suit is subject to dismissal because it is completely incomprehensible. To be sure, pleadings filed by self-represented litigants must be "liberally construed" and are "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint); *Telford v. Vandusen*, 972 F.2d 342, at *1 (4th Cir. 1992) (unpub.) (finding district court did not err in ignoring self-represented plaintiff's "property damage" claim, because plaintiff made only an "oblique reference to the property damage in the body of the complaint, [and] it [was] nowhere mentioned in the demand for judgment").

Despite a generous construction of the Complaint, this Court has been unsuccessful in its attempt to determine the nature of the claims generally or the basis of any particular claims against those individuals named in the suit.

For the reasons set forth above, plaintiff's Complaint shall be summarily dismissed.

A separate Order follows.

12/29/15
_____
Date

_Ellen R. Hollander_
Ellen L. Hollander
United States District Judge